UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alcides Agustin Monge, | ) C/A No. 4:14-813-RBH-TER |
|                   Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Myrtle Beach PD; | ) |
| Horry County Jail, and | ) |
| J. Reuben Long Detention Center, | ) |
|                   Defendants. | ) |

This is a civil action filed pro se by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Alcides Agustin Monge ("Plaintiff") is currently incarcerated at a detention center in Lumpkin, Georgia. He alleges that he was falsely arrested on second-degree burglary charges in Horry County, South Carolina on March 15, 2012. He states that he was held in jail for ten days before being released, and the charges that had been lodged against him were dropped. According to online records of the Fifteenth Judicial Circuit, the second-degree burglary charges were "disposed" through entry of a "Nolle Prosequi" on March 20, 2012. S.C. Jud. Dep't,

http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx; *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases; federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). He names the Myrtle Beach Police Department, the Horry County Jail, and the J. Reuben Long Detention Center as Defendants, and seeks compensatory damages, citing 42 U.S.C. § 1983,[1] for the time he was detained before the charges were dropped.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon*

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other plausible basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific

3

staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

The Complaint now under review should be summarily dismissed because Plaintiff has not named a "person" as a Defendant. Use of the collective term "Myrtle Beach PD" to name a § 1983 defendant is similar to the use of the term "staff" or "group," which was found not sufficient to name a person acting under state law in *Barnes v. Baskerville Corr. Cen. Med. Staff*. This view is in accord with the majority of courts that have addressed this issue. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163-64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n. 1 (W.D.N.C. 1994); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825-26 (D.N.J. 1993); *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Hall v. Neal*, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb.27, 2006); *Shilling v. Brush*, No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug.26, 2005); *but see Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003)(holding Baltimore City Police Department is a "person" amenable to suit under § 1983).

Also, the Horry County Jail and the J. Reuben Long Detention Center are both buildings or groups of buildings and naming them as Defendants does not constitute naming a person acting under state law as shown by the *Preval* and *Brooks* cases cited previously. In absence of any potentially liable Defendant in this case, the Complaint under review should be summarily dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*.  *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 30, 2014
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).