IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alcides Agustin Monge, | ) | Civil Action No.: 4:14-cv-813-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Myrtle Beach PD; Horry County Jail; | ) | |
| and J. Reuben Long Detention | ) | |
| Center,, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROCEDURAL HISTORY

Plaintiff Alcides Agustin Monge, ("Plaintiff"), a self-represented state prisoner, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on March 11, 2014. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1]  *See* R & R, ECF No. 11. In the R & R, the Magistrate Judge recommends dismissing the Complaint without prejudice. *See id.* at 5. Plaintiff timely filed objections to the R & R on May 19, 2014. *See* Pl.'s Objs., ECF No. 13.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION[2]

As previously noted, the Magistrate Judge recommends that the Complaint be dismissed without prejudice. *See* ECF No. 11 at 5. The Magistrate Judge found that Plaintiff's Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because he has not named a "person" as a Defendant. *See* ECF No. 11 at 4. The collective term "Myrtle Beach PD" is similar to the use of the term "staff or group," which various courts have found is insufficient to name a person acting under state law. *See id.* Moreover, the Horry County Jail and J. Reuben Long Detention Center are both either a building or groups of buildings, and naming them also does not constitute naming a "person" acting under color of state law either. *See id.*

---

[2] The allegations of Plaintiff's complaint are adequately represented in the Magistrate Judge's R & R. *See* ECF No. 11 at 1–2.

Plaintiff timely filed objections to the R & R.   In his objections to the R & R, Plaintiff asserts that he obtained the name of the director of the Horry County Sheriff's Department, Tom Fox, and wishes to name him as a Defendant.   *See* ECF No. 13 at 1.   Plaintiff also indicates that he also wants to name Warden David Robinson, Warden of the J. Reuben Long Detention Center, as a Defendant. *See* ECF No. 13-1.   Plaintiff then asks the court to "[p]lease disregard all other wrongfully named Defendants."   *See id.*   Plaintiff attached what appears to be a proposed amended complaint to his objections, which reflects his naming of Mr. Fox and Warden Robinson as Defendants.   *See* Proposed Am. Compl., ECF No. 13-2.   The amended complaint no longer lists or Horry County Jail or Myrtle Beach PD as Defendants.

Accordingly, the Court construes Plaintiff's objections to be a proposed amendment to his complaint.   Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it."   Fed. R. Civ. P. 15(a).   Here, the Complaint has not yet been served, and the amended complaint appears to correct all of the procedural deficiencies pointed out by the Magistrate Judge in the R & R.   Because the Plaintiff was entitled to amend his pleading as a matter of course, the Court finds that it should respectfully decline to adopt the R & R and allow Plaintiff to proceed on his Amended Complaint.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, and applicable law.   For the reasons stated above, the Magistrate Judge's R & R is respectfully rejected.

**IT IS THEREFORE ORDERED** that the Clerk of Court is **DIRECTED** to file the Proposed Amended Complaint attached to Plaintiff's objections to the R & R, ECF No. 13-2, as Plaintiff's

"Amended Complaint." Defendant Tom Fox of the Horry County Sherriff's Department will be added as a Defendant. Moreover, Warden David Robinson, Warden of J. Reuben Long Detention Center will be substituted for Defendant J. Reuben Long Detention Center. Finally, as Plaintiff has consented to the dismissal of Defendants Horry County Jail and Myrtle Beach PD, it is **ORDERED** that Defendants Horry County Jail and Myrtle Beach PD are **DISMISSED** *without prejudice*.

This matter is **RECOMMITED** to the Magistrate Judge for further proceedings consistent with this order, including screening the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
November 24, 2014